The order below is hereby signed.

Signed: January 19, 2006.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                        )
                             )
KEITH N. JONES,              )    Case No. 05-02409
                             )    (Chapter 13)
            Debtor.          )

OPINION RE TRUSTEE'S MOTION TO DISMISS
BASED ON 11 U.S.C. § 109(h) INELIGIBILITY

On December 2, 2005, the debtor filed a voluntary petition

for relief under Chapter 13 of the Bankruptcy Code.  Rather than

file a certificate from a U.S. Trustee-approved non-profit budget

and credit counseling agency verifying completion of the

requisite § 109(h) pre-petition credit counseling, the debtor

instead filed a Certification of Exigent Circumstances (Docket

Entry "DE" No. 6, filed December 2, 2005) asking this court to

waive the requirement that he obtain budget and credit counseling

during the 180-days prior to the filing of his bankruptcy case.

On December 7, 2005, the Chapter 13 trustee moved to have the

case dismissed on § 109(h) ineligibility grounds (DE No. 12).  On

December 27, 2005, the debtor responded to the trustee's motion

by reiterating the points raised in his Certification of Exigent

Circumstances and further stating that he had since sought out

and completed the requisite credit counseling (DE No. 26).

Indeed, on December 27, 2005, the debtor filed a Certificate of

Completion of Credit Counseling reflecting that he received the

requisite credit counseling services on December 21, 2005 -

almost three weeks after the filing of his petition (DE No. 25).

In his Certification of Exigent Circumstances, the debtor

states as follows:

> I, Keith N. Jones, request a waiver of the
> requirement to obtain budget and credit counseling
> during the 180-day period prior to filing based on
> exigent circumstances.  I am filing on an emergency
> basis to protect my home from foreclosure sale
> scheduled for December 7, 2005.  I am filing pro se
> and had no knowledge of the 180-day rule.  I am
> filing Chapter 13 and do not seek to discharge any
> debt, instead to pay them in full.  I will
> respectfully comply with any requirement for
> counseling and I ask for advice from the Court
> seeking approved counseling.

By this certification, the debtor seeks to invoke the exigent

circumstances waiver of § 109(h)(3) based upon (1) the imminent

foreclosure sale of his home, and (2) his lack of knowledge

concerning the pre-petition credit counseling requirement.  The

debtor does not contend that he attempted, but was unable, to

obtain pre-petition credit counseling.  To the contrary, the

debtor's certification states that he was unaware of the credit

counseling requirement and provides the debtor's assurance that

he will (on a forward going basis) complete the necessary

counseling.  Although the debtor has since completed the credit

2

counseling required under § 109(h)(1), the exigent circumstances

waiver is available only to those debtors who seek to obtain

credit counseling pre-petition.  Accordingly, the court

determines that the putative debtor in this case is ineligible to

be a debtor under Chapter 13 and this case shall be dismissed

accordingly.

I

Section 109 of 11 U.S.C. sets forth the eligibility

requirements for being a debtor in bankruptcy.  The Bankruptcy

Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"),

which went into effect on October 17, 2005,[1] amended the

Bankruptcy Code by introducing, *inter alia*, the new eligibility

requirement of § 109(h) which requires, subject to certain

limited exceptions, that all individuals filing for bankruptcy

obtain credit counseling from an approved non-profit budget and

credit counseling agency during the 180-day period preceding the

date of the filing of the individual's bankruptcy petition. 11

U.S.C. § 109(h).  Specifically, 11 U.S.C. § 109(h) provides that:

(1)   Subject to paragraphs (2) and (3), and notwithstanding any
      other provision of this section, an individual may not be a
      debtor under this title unless such individual has, during
      the 180-day period preceding the date of filing of the
      petition by such individual, received from an approved
      nonprofit budget and credit counseling agency described in
      section 111(a) an individual or group briefing (including a

---

[1]   Although most provisions of the BAPCPA were effective as
of October 17, 2005, select provisions went into effect upon the
law's enactment on April 20, 2005.

3

briefing conducted by telephone or on the Internet) that
outlined the opportunities for available credit counseling
and assisted such individual in performing a related budget
analysis.

(2)(A) Paragraph (1) shall not apply with respect to a debtor who
resides in a district for which the United States trustee
(or the bankruptcy administrator, if any) determines that
the approved nonprofit budget and credit counseling agencies
for such district are not reasonably able to provide
adequate services to the additional individuals who would
otherwise seek credit counseling from such agencies by
reason of the requirements of paragraph (1) . . . .

(3)(A) Subject to subparagraph (B), the requirements of paragraph
(1) shall not apply with respect to a debtor who submits to
the court a certification that –

　　　　(i)　describes exigent circumstances that merit a
　　　　　　waiver of the requirements of paragraph (1);

　　　　(ii)　states that the debtor requested credit counseling
　　　　　　services from an approved nonprofit budget and
　　　　　　credit counseling agency, but was unable to obtain
　　　　　　the services referred to in paragraph (1) during
　　　　　　the 5-day period beginning on the date on which
　　　　　　the debtor made that request; and

　　　　(iii) is satisfactory to the court.

(B) With respect to a debtor, an exemption under subparagraph
(A) shall cease to apply to that debtor on the date on which
the debtor meets the requirements of paragraph (1), but in
no case may the exemption apply to that debtor after the
date that is 30 days after the debtor files a petition,
except that the court, for cause, may order an additional 15
days.

(4) The requirements of paragraph (1) shall not apply with
respect to a debtor whom the court determines, after notice
and hearing, is unable to complete those requirements
because of incapacity, disability, or active military duty
in a military combat zone.  For the purposes of this
paragraph, incapacity means that the debtor is impaired by
reason of mental illness or mental deficiency so that he is
incapable of realizing and making rational decisions with
respect to his financial responsibilities; and "disability"
means that the debtor is so physically impaired as to be

> unable, after reasonable effort, to participate in an in
> person, telephone, or Internet briefing required under
> paragraph (1).

The debtor concedes that he did not obtain credit counseling

prior to filing his voluntary petition, as required under §

109(h)(1).  Likewise, the debtor does not contend that § 109(h)

is inapplicable because he is incapacitated, disabled, or on

active military duty, or because the District of Columbia is a

district in which the United States trustee has determined that

approved budget and credit counseling agencies are unable to

reasonably provide the necessary counseling services.  Thus, the

only remaining basis upon which the debtor may establish that he

is eligible to be a debtor in bankruptcy notwithstanding his

failure to complete credit counseling prior to filing his

petition is by demonstrating the applicability of the exigent

circumstances waiver provided for in § 109(h)(3)(A).[2]

According to the plain meaning of the statute, debtors

seeking an extension of time to comply with § 109(h)(1)'s credit

counseling requirement under the exigent circumstances waiver

provided for under §109(h)(3)(A) must satisfy all three

requirements enumerated under that subsection of the statute.

---

[2] The exigent circumstances waiver does not exempt debtors
from the credit counseling requirement.  Rather, it excuses
debtors from the requirement that credit counseling occur pre-
petition, and gives the debtor until 30 days after the petition
date, subject to a 15-day extension by the court for cause, to
satisfy the requirement. 11 U.S.C. § 109(h)(3)(B).

5

See In re Watson, 332 B.R. 740, 745 (Bankr. E.D. Va. 2005)

(holding that under the plain meaning of the statute, §

109(h)(3)(A) must be read as requiring the debtor to satisfy all

three requirements listed under that subsection).

        First, § 109(h)(3)(A)(i) requires the debtor to show that

there are exigent circumstances meriting a waiver of the credit

counseling requirement.  The court will assume, without deciding,

that the debtor has met this requirement because the imminent

foreclosure sale of the debtor's home likely constitutes exigent

circumstances meriting a waiver.  See In re Hubbard, 333 B.R.

377, 384 (Bankr. S.D. Tex. 2005) ("When a prospective debtor

faces a loss of the family home unless immediate relief is

granted under the Bankruptcy Code, exigent circumstances

exist."). But see In re Talib, 2005 WL 3272411, *3 (Bankr. W.D.

Mo., December 1, 2005) (expressing doubt that the mere fact of an

imminent foreclosure sale constitutes exigent circumstances

meriting a waiver, and observing that "the focus should be not so

much on the imminence of the event that threatens the debtor with

loss of property and requires filing of the petition for relief

in order to invoke the automatic stay, but on the reasons why the

debtor was unable to obtain the required credit counseling prior

to having to file for relief.").

        Second, § 109(h)(3)(A)(ii) requires that the debtor's

certification of exigent circumstances state that the debtor

requested credit counseling services from an approved non-profit
budget and credit counseling agency prior to the filing of his
petition, but was unable to obtain the necessary services within
five days of the request.  The debtor's certification of exigent
circumstances does not allege any pre-petition efforts to obtain
credit counseling, and instead expresses the debtor's prior lack
of knowledge concerning the credit counseling requirement and a
willingness to pursue and complete such counseling post-petition.

Under the plain meaning of the statute, the exigent
circumstances waiver is unavailable to the debtor because he
failed to seek credit counseling pre-petition, and he is thus
ineligible to be a debtor under Chapter 13 of the Bankruptcy
Code.  See In re Wallert, 322 B.R. 884, 888 (Bankr. D. Minn.
2005)(only debtors who actually try to obtain counseling services
pre-petition are eligible to be debtors); In re Talib, 2005 WL
3272411, *5 (Bankr. W.D. Mo., December 1, 2005) (debtor who
sought pre-petition counseling and was advised that she could
obtain credit counseling within two days from the date of her
request but not before the pending foreclosure on her house was
ineligible for the exigent circumstances waiver because such
counseling would have fallen within the five-day waiting period
established by the statute); In re Watson, 332 B.R. 740, 747
(Bankr. E.D. Va. 2005) (under the plain meaning of §
109(h)(3)(A), a debtor's failure to seek credit counseling pre-

7

petition renders him ineligible for the exigent circumstances
exemption and the court is without discretion to extend the
deadline); In re Cleaver, 333 B.R. 430, 435-36 (Bankr. S.D. Ohio
2005) (ineligibility for the exigent circumstances exemption
based upon failure to seek credit counseling pre-petition cannot
be cured by seeking credit counseling post-petition); In re Gee,
332 B.R. 602, 604 (Bankr. W.D. Mo. 2005) (debtor ineligible for
exigent circumstances exemption under § 109(h)(3)(A) because he
did not allege that he requested credit counseling services prior
to the filing of his petition and was unable to obtain them
within five days); In re Hubbard, 333 B.R. 377, 387(Bankr. S.D.
Tex. 2005) ("Section 109(h) requires that a debtor either receive
or unsuccessfully request credit counseling prior to filing a
petition in order to be eligible as a debtor.").

     The third and final requirement of § 109(h)(3)(A) is that
the certification of exigent circumstances be satisfactory to the
court.  11 U.S.C. § 109(h)(3)(A)(iii).  Because the debtor's
request for waiver must be denied under § 109(h)(3)(A)(ii), the
court does not address this provision.

                              II

     For all of these reasons, the court determines that the
debtor is ineligible to be a debtor under Chapter 13 of the
Bankruptcy Code.  Accordingly, the court shall grant the
trustee's motion to dismiss and such dismissal shall be made

                              8

without prejudice.

An order to follow.

[Signed and dated above.]

Copies to:
Debtor; Chapter 13 Trustee; Office of the U.S. Trustee.